Ms. Cathyrn E. Hinshaw Executive Director Arkansas Local Police Fire Retirement System Arkansas Fire Police Pension Review Board 2020 West 3rd, Suite 300 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the following question:
 Under Arkansas Code Sections 24-10-301 and 24-10-302, may an employer who had a relief fund in effect on the operative date of the act elect to cover a police chief under another type of retirement plan other than the LOPFI system and/or Social Security, or must all police officers who are hired after the operative date of the act, regardless of rank, be covered by the LOPFI System?
Your inquiry is phrased so as to contain two questions, the answers to which, in my opinion, are "no" and "yes" respectively. It is my opinion that as long as a police chief is hired by such an employer after the operative date, he must be covered by the "LOPFI" System and not another type of retirement plan (except social security).
This conclusion is based upon the wording of A.C.A.24-10-301 (Supp. 1987) and 24-10-302. Section24-10-301(a)(2) (Supp. 1987) provides in pertinent part:
 (a) The membership of the system shall include the following persons:
* * *
 (2) If his employer had its police officers covered by a relief fund on the operative date, each person first employed as a police officer on or after the operative date shall become a member of this system and not be a member of the relief fund; [emphasis added.]
Section 24-10-302 (b) and (c) provide:
 (b) Each political subdivision with a relief fund in effect on the operative date shall become an employer on the operative date and cover its employees under the system, as follows:
 (1) An employer with a relief fund covering police officers shall cover its future police officers; (2) An employer with a relief fund covering fire fighters shall cover its future fire fighters. (c) After the effective date, a political subdivision shall not commence coverage of its employees who are police officers or fire fighters under another plan similar in purpose to this system, except social security. [Emphasis added.]
I believe it is clear from the above provisions that police officers hired after the operative date by a political subdivision which had a relief fund in effect on the operative date, must be covered by the LOPFI system. The remaining issue to be resolved in order to answer your question is whether a police chief is a "police officer." That term is defined at A.C.A.24-10-102 as:
 . . . any regular or permanent employee of a police department of a political subdivision, including a probationary police officer; the term `police officer' shall not include any civilian employee of a police department or any person temporarily employed as a police officer during an emergency.
It is my opinion that this definition includes the police chief. See generally Burke v. State, 76 Ga. App. 612,47 S.E.2d 116 (1948), (holding that the chief of police is a "policeman".) I therefore must conclude that the employer you describe may not elect to cover a police chief hired after the operative date under a system other than LOPFI and/or Social Security. See also generally Opinion No. 83-129, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb